

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** § | | |
| § | | |
| **V.** § | **CRIMINAL CASE NO 1:05-CR-109** | |
| § | | |
| **FABIAN TOWERS** § | | |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate upon referral from the District Court. The Court now enters its recommendation that the District Court find that Defendant, Fabian Towers, is competent to stand trial.

A.   Background

On September 15, 2005, pursuant to the motion of counsel, the Court entered its *Order* directing the mental examination of Defendant to determine his competency to stand trial and address the issue of whether he was insane at the time of alleged offense [Clerk's doc. #25]. In that order, the Court directed that Mr. Towers be committed to the Medical Center for Federal Prisoners for examination by a psychiatrist or psychologist to determine whether, pursuant to 18 U.S.C. §§ 4241 and 4242, he is suffering from a mental disease or defect rendering him mentally incompetent

to the extent he is unable to understand the nature and consequences of the proceedings against him and whether he was insane at the time of the alleged offense.

On February 28, 2006, the warden of the Federal Detention Center in Miami, Florida, issued his notification to the Court that an examiner had completed his psychological evaluation of Mr. Towers.  Jorge Luis, Forensic Psychologist, issued his opinion that Mr. Towers does not suffer from a mental disorder that would preclude his ability to understand the nature and consequences of the proceedings against him, or to assist his attorney in his own defense, and consequently, that he is competent to stand trial.  He further opined that Mr. Towers does not suffer from a mental illness that interfered with his ability to appreciate the nature and quality or wrongfulness of his actions, and therefore, that he is found to have been sane at the time of the alleged offense.  The report reflecting his opinion in detail and setting forth the corresponding psychological findings was filed in the record under seal and forwarded to both Defendant's attorney and the attorney for the Government.

On April 5, 2006, the Court conducted a competency hearing. During the hearing, neither party objected to the findings contained within the report.  They also agreed with this Court's recommendation that Mr. Towers be found competent to stand trial.

B.   Conclusion and Recommendation

Accordingly, based upon the opinion issued by the forensic psychologist with the Federal Detention Center, Miami, Florida, and the agreement of the parties, the undersigned United States Magistrate recommends that the District Court find Fabian Towers competent to stand trial under 18 U.S.C. § 4241.

C.	Objections

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

SIGN this 7th day of April 2006.

_____
Keith F. Giblin
United States Magistrate Judge